## NENEZ, et al. v BELLSDOUTH MOBILITY, INC., et al.

### Case No. 88-216 AP

Eleventh Judicial Circuit, Dade County

May 22, 1989

**APPEARANCES OF COUNSEL**

**Arlene Richman,** Colodny, Fass & Talenfeld, for petitioner.
**Joan Rose,** Fine Jacobson Schwartz Nash, for respondents.
Before KAYE, DONNER, ROBINSON, JJ.

### OPINION OF THE COURT

PETITION FOR WRIT OF CERTIORARI IS DENIED.

ROBINSON, J., Dissenting.

I have no problem with the City's proper exercise of its discretion in granting a variance or special exception for that 150 foot tower serving as a mobile telephone transmission facility in its M-1 Industrial Zoning District.

However I cannot read the city's charter, Section 9(a)(9) in any way but to limit the heights of the tower to forty feet.

Respondent broadly reads the introductory language of Section 9 to read that the commission may do whatever it pleases:

Sec. 9 Powers

(a) .All powers of the City and the determination of all matters of policy shall be vested in the council. Without limitation of the foregoing, the council shall have power to . . .

In fact this means that the enumerated powers need not address policy. Amending the list of powers the voters approved, "no building or structure except a public building or structure shall exceed forty (40) feet in height . . ." Charter of the City of North Miami, Sec. 9(a)(9). This Amendment, passed in 1973, can only be read to limit the city's power.

The respondents read "structure" from the charter not to mean a communication tower. The clear definition in the North Miami Code shows a communication tower to be a structure.

Anything constructed or erected, the use of which requires a permanent location in or on the ground or attachment to something having a permanent location on the ground. (North Miami, Fla. Zoning Ordinance, 29-2(B)(139), May, 1988).

Respondents also argue precedent. That argument restated says that prior misinterpretations must now license nonenforceability of the limitation or height. This argument fails because the Petitioner was not a party to the prior proceedings.

I am aware that the intention of the charter change may have been to restrict high-rises, but this fact lacks relevance where the charter language is clear. Only public structures may be over forty feet in North Miami. A public utility's tower does not fit that definition.

I would grant the Petition for Writ of Certiorari and prohibit the City from issuing building permits or certificate of occupancy or proceeding in any manner pursuant to the City Council's decision of July 12, 1988.